Bissell, P. J.
Kent & Stuchfield brought this suit against Fairbanks, Morse & Company to recover for the conversion of a lot of stoves. The case was tried to the court without a jury and the court found for the plaintiffs and they had judgment for $125.80, wherefrom Fairbanks, Morse & Company prosecute this appeal. The history of the case briefly is this:
One Hudlow was in business in Victor and had bought hardware from Kent & Stuchfield who were carrying on this business in Denver. Some stoves were purchased and those in controversy were among the number. Hudlow probably became embarrassed and for that or some other unexplained reason undertook to settle his account with Kent and Stuchfield by reselling and turning the stoves over to them. The bill of sale from Hudlow to Kent & Stuchfield was duly prepared and executed and its terms and conditions were carried out by delivery by Hudlow to their agent in Victor. The stoves were taken to contiguous premises in a room which had been rented for the purpose and there stored and locked up. After this transaction was completed and without any preliminary talk about its regularity Fairbanks, Morse & Company brought an attachment suit against Hudlow and in executing the writ proceeded to break down the door and seize the stoves and sell them. Immediately thereafter Kent & Stuchfield brought a replevin suit in which the attachment plaintiffs gave a redelivery bond and the property never repassed into Kent & Stuchfield’s possession. This replevin suit thus begun was ultimately dismissed before trial, and consequently cuts no figure in the case except as showing that the property passed into the possession of the appellant. The appellant’s suit of course, proceeded to judgment against Hudlow and the attachment was sustained. In the present suit the bill of sale was set out in the complaint, the inventory of the goods stated, the seizure and conversion of the goods laid, and there was a prayer for the conversion.
When the trial came on the bill of sale was produced and *37 properly proven to show Kent & Stuchfield’s title. Subsequently a witness was offered who prepared the bill of sale and had it executed who was present at the time the stoves were delivered thereunder, and who rented the store, and he gave evidence that the stoves were taken out and put into this independent room and locked up, and that subsequently the constable and the attorney for the defendants went there and broke the door down and took the stoves out, and that they were the stoves involved in the replevin suit and in the present action. One of the firm of Kent & Stuchfield substantially identified the stoves which were known by names as well as by numbers, although they seem to have been described in the trade one way and in the bill of sale in another. The appellant complains that there was no sufficient identification of the goods. It is impossible to agree with him because the allegations of the complaint, coupled with the testimony of the witness respecting the execution of the bill of sale, the delivery of the stoves thereunder, their storage and ultimate seizure was enough, in the absence of any proof to the contrary, to prove the identity and entitle the plaintiff, their other evidence being sufficient, to recover.
The appellant likewise complains that there was no evidence of value, or if there was that it was given by parties who were not competent to testify. He insists of course the rule is that the value of goods converted is their value at the time and place of conversion. We concede it, but we find enough in the record from which this proof can be extracted so that without any proof to the contrary we would, be without the right to reverse the case. One-of the firm of Kent & Stuchfield testified as to the value of this stuff, giving the wholesale price in Denver and adding the freight between Denver and Victor. According to the course of trade as testified to by him this would be the value of the stoves in Victor at the time and place of the conversion. The stoves were new, had been sold and shipped there, and we do not discover any such deficiency of proof of value as warrants us to disturb the judgment.
We see nothing in the proposition suggested by the ap *38 pellant respecting the estoppel by the judgments rendered by the justice of the peace. So far as concerns the judgment in favor of Fairbanks, Morse & Company, it is simply a judgment against Hudlow, showing that he was indebted to that firm and that he had done those things which entitled them to an attachment. Whatever may be the effect of that judgment as between Fairbanks, Morse & Company and Hudlow, it in no manner affects the appellees here, nor did the production of the record of that judgment in anywise bear on the question of their right to recover. The other judgment was simply a judgment of dismissal and it did not and does not have any bearing on the subsequent suit brought for conversion. The parties had a right, if they saw fit, to. abandon their replevin suit and bring an action in trover, if they could prove the facts which would otherwise maintain the action. The only force that we can see to it is that the delivery bond supports the plaintiff’s case and tends to show that they got the goods and never having returned them, of course converted them.
The only other proposition presented respects the necessity for a demand. Whatever may be the rule in case the original taking is rightful, the evidence in this case shows that possession was acquired by Fairbanks, Morse & Company wrongfully as against the appellees, and under those circumstances they could bring suit without a demand and otherwise proving their case could recover the valué of the property. The rendition of a judgment in favor of Fairbanks, Morse. & Company against Hudlow and the order sustaining the attachment has no bearing on this proposition; that is a matter between the parties to that suit and it in no manner deter-, mines or. affects the character of the property acquired • as. against the appellees here and the cause of action which was occasioned thereby.
We have spent more time in examining the case than-perhaps its importance justifies, and having disposed of all the essential propositions presented by counsel for plaintiff, we conclude with the affirmance of the judgment.

Affirmed.